FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WEST CHARLESTON LOFTS I, LLC, et al., | Nos. 09-16313 & 09-16887 |
| Plaintiffs – Third Party Defendants – Appellees, | D.C. No. 2:09-CV-00392-PMP-LRL |
| v. | |
| R&O CONSTRUCTION COMPANY, | MEMORANDUM[*] |
| Defendant – Appellant, | |
| v. | |
| CHARLES G. HALL, et al., | |
| Third Party Defendants – Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted October 8, 2010
San Francisco, California

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before:  BEEZER and GRABER, Circuit Judges, and CARNEY,[**] District Judge.

Appellant R&O Construction Company ("R&O") appeals two orders by the district court.  The first granted Plaintiff-Appellees West Charleston Lofts I, LLC and WCL Commercial, LLC's ("WCL") motion to expunge mechanics' liens filed by R&O.  The second granted WCL's motion to dismiss R&O's third party complaint and counterclaims to foreclose on those mechanics' liens and obtain recovery for unjust enrichment.  WCL hired R&O to build a 40-unit condominium project in Las Vegas, Nevada.  The district court's orders were premised on its holding that R&O's mechanics' liens were premature and frivolous pursuant to Nevada Revised Statutes § 108.2275 because the final payment of $682,595 remaining under the parties' contract was not payable until several major punch list items were completed or fixed.  We review *de novo* the district court's construction of the relevant statutory provisions of Nevada law as well as its grant of WCL's motion to dismiss.  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).  We reverse, reinstate R&O's liens, and remand for further proceedings.

The district court erred in concluding that R&O had no statutory right to the final payment and that the parties' contract was controlling on the issue.  The

---

[**]    The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

2

Nevada Legislature enacted the Prompt Payment Act to protect contractors from the harm that they suffer when owners unfairly withhold payment, including final payment on projects that are substantially complete and available for use. Nevada Revised Statutes § 624.620(1)(b)(2), which is part of the Prompt Payment Act, specifically provides that "any money remaining unpaid . . . is payable to the prime contractor within 30 days after" the owner receives "[a] certificate of occupancy issued by the appropriate building inspector or other authority." Under § 624.620(2)-(3), an owner can withhold the final payment for work or labor that has not been performed or that is not materially in compliance with the parties' agreement **only** if the owner provides appropriate notice before the final payment is due explaining in reasonable detail the reason for withholding. Appropriate notice of withholding from the owner pursuant to § 624.620(3) triggers § 624.620(4), which gives the contractor the opportunity to correct any condition or reason for withholding and provide a notice of correction to the owner that renews the owner's obligation to make prompt payment. Most significantly, any "condition, stipulation or provision in an agreement which" (1) limits or waives the contractor's rights or (2) relieves the owner of its statutory obligations "is against public policy and is void and unenforceable." Nev. Rev. Stat.                §  624.622(2). The Prompt Payment Act's requirement that the final payment be

3

made to the contractor supersedes any provision in the parties' agreement providing for payment on a later date. To construe the detailed provisions of the Prompt Payment Act otherwise would render those provisions meaningless and contravene the purpose of the legislation.

It was undisputed before the district court that a Certificate of Occupancy was issued for the project, but that WCL never made the final payment under the parties' agreement. WCL gave no notice of withholding. Consequently, R&O was entitled to file mechanics' liens on the project to secure the outstanding amount due under the contract. Because the district court expunged R&O's mechanics' liens and dismissed R&O's third party complaint and counterclaims based on its erroneous construction of § 624.620, we must reverse the district court's orders, reinstate the mechanics' liens, and remand for further proceedings. In light of our disposition, we need not address R&O's other grounds for appeal.

REVERSED; MECHANICS' LIENS REINSTATED; AND REMANDED.